IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SOMA PETERSON, an individual,                              No. 3:23-cv-01520-YY

                    Plaintiff,                            ORDER

        v.

ONE COMMUNITY HEALTH, a corporation

                    Defendant.

HERNÁNDEZ, District Judge:

        Magistrate Judge Youlee Yim You issued a Findings and Recommendation on June 5,
2024, in which she recommends that the Court grant Defendant's Motion to Dismiss and dismiss
Plaintiff's Complaint with prejudice. F&R, ECF 15. The matter is now before the Court pursuant
to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

        Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation.
Pl. Obj., ECF 17. When any party objects to any portion of the Magistrate Judge's Findings and
Recommendation, the district court must make a *de novo* determination of that portion of the

1 - ORDER

Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

For the reasons that follow, the Court declines to adopt the Magistrate Judge's Findings and Recommendation.

## BACKGROUND

Plaintiff was a registered nurse and Care Team Case Manager at one of Defendant's hospitals. Compl. ¶ 5, ECF 1.

In the Summer of 2021 Defendant announced that it would be implementing a COVID-19 vaccine mandate. *Id.* ¶ 12. On September 29, 2021, Plaintiff filed a request for religious exemption from the vaccine mandate in which she responded to a question asking her to tell Defendant "about the specific belief, tenant or observance in [her] religion that conflicts with the vaccination requirement" as follows: "health freedom, bodily integrity, right to refuse medical intervention 7th day Adventist tenants." Reyes Decl., ECF 10, Ex. 1 at 1. Plaintiff also submitted a written statement explaining in relevant part:

> Receiving the COVID-19 vaccination would violate my sincerely-held religious beliefs, practices and/or observances. . . . I practice health freedom and the right to choose how I will keep my body healthy and free of illness. I believe in bodily integrity and the right to refuse medical treatment as well as intervention if I so choose.

*Id.,* Ex. 2 at 1.

Defendant accepted Plaintiff's request, placed her on unpaid leave, and eventually terminated her employment. Compl. ¶¶ 13-15.

On October 16, 2023, Plaintiff filed Complaint alleging unlawful employment discrimination based on religion in violation of Oregon Revised Statute § 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e.

**DISCUSSION**

Defendant moves to dismiss Plaintiff's claims on the basis that Plaintiff "has not and cannot allege that her decision not to take the COVID-19 vaccine was due to a bona fide and sincerely held religious belief." Def. Mot., ECF 9, at 1. The Magistrate Judge recommends granting Defendant's motion and dismissing Plaintiff's claims with prejudice.

To establish religious discrimination under Title VII and Or. Rev. Stat. § 659A.030 Plaintiff must plead, among other things, that she "had a bona fide religious belief, the practice of which conflicts with an employment duty." *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 695 (9th Cir. 2017)("This court has held that the substantive analysis for Title VII . . . claims also applies to discrimination claims under O.R.S. §§ 659A.030(1)(a), (b)).

"A religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted." *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023)(citing *Thomas v. Rev. Bd.*, 450 U.S. 707, 714 (1981)). Indeed, the court may not "question the legitimacy of [an individual's] religious beliefs regarding COVID-19 vaccinations." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021)(citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 138 S. Ct. 1719, 1731 (2018)). The court, however, must distinguish between conflicts that are "rooted in religious belief" as opposed to ones based on "'purely secular' philosophical concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981)(quoting *United States v. Seeger*, 380 U.S. 163, 185 (1965)).

The Magistrate Judge concluded Plaintiff's allegations "failed to demonstrate religious opposition to defendant's vaccine mandate." F&R 4. The Magistrate Judge also concluded that

because Plaintiff's objection is "secular in nature" and she cannot change the contents of her

exemption request, the pleading defect cannot be cured, and the case should be dismissed with

prejudice. *Id. at 8.*

Plaintiff stated in her exemption that "[r]eceiving the COVID-19 vaccination would

violate my sincerely-held religious beliefs, practices and/or observances. . . . I practice health

freedom and the right to choose how I will keep my body healthy and free of illness. I believe in

bodily integrity and the right to refuse medical treatment as well as intervention if I so choose."

Plaintiff also noted in her exemption that the tenants of "health freedom, bodily integrity, [and]

right to refuse medical intervention 7th day Adventist" conflict with the vaccine requirement.

This Court aligns with courts that have concluded that such allegations state a bona fide religious

belief the practice of which conflicts with an employment duty. *See, e.g., Small v. Oregon Health*

*& Sci. Univ.*, No. 3:23-CV-01290-JR, 2024 WL 2153608, at *1 (D. Or. May 14, 2024)

(Hernandez, J.)(finding plaintiff who alleged that "[s]he believes that God is her creator and that

her body is a temple. Taking the vaccine would go against her moral integrity, believing that God

created her body to have a substantial immune system, with proper care" sufficient to state a

bona fide religious belief, the practice of which conflicts with an employment duty in the context

of a motion to dismiss); *Thompson v. Asante Health Sys.,* No. 1:23-CV-00486-CL, 2023 WL

7348812, at *5 (D. Or. Sept. 21, 2023)(allegation that plaintiff's "body is sacred" and that

"Buddhist mantras guide me in choosing what is best for me, reinforcing my belief that the

vaccine is not suitable for me at this time" sufficient to state a claim), findings and

recommendation adopted, No. 1:23-CV-00486-CL, 2023 WL 7326496 (D. Or. Nov. 7, 2023);

*Camp v. L.A. Arena Co., LLC*, No. EDCV222220 JGBKKX, 2023 WL 4680797, at *7 (C.D. Cal.

June 15, 2023)(Plaintiff's allegation that his body is a "temple of the Holy Spirit" and that it was

"against his religion to ingest or inject his body with possible harmful substances" sufficient to plead a bona fide religious belief for purposes of a failure to accommodate claim). The Court concludes Plaintiff has met her burden to plead a bona fide religious belief in conflict with an employment duty. Accordingly, the Court declines to adopt the Findings and Recommendation.

## CONCLUSION

The Court declines to adopt Magistrate Judge You's Findings and Recommendation, ECF 15. The Court, therefore, DENIES Defendant's Motion to Dismiss for Failure to State a Claim, ECF 9.

IT IS SO ORDERED.


DATED: _____August 22, 2024_____.



MARCO A. HERNÁNDEZ
United States District Judge

5 - ORDER